UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHISESI BROTHERS MEAT PACKING, INC. | CIVIL ACTION |
| VERSUS | NO: 05-5224 |
| BAPTISTE CHISESI, JR., A/K/A T.C. CHISESI, BRIAN CHISESI, BRETT CHISESI, & CHISESI HOLDINGS, LLC | SECTION: "A" (4) |

**ORDER**

**IT IS ORDERED** that Plaintiff's **Unopposed Motion to Unseal Case Record (Rec. Doc. 8)** is **GRANTED** given that counsel for the state court plaintiffs has no objection to the seal being lifted[1];

**IT IS FURTHER ORDERED** that the **Motion to Expedite Hearing on Motion to Enforce Consent Judgment and to Enjoin State Court Proceedings (Rec. Doc. 9)** is **DENIED**. The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. These exceptions are narrowly construed. St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 448 (5th Cir.

---

[1] The plaintiffs in state court are the original defendants in this lawsuit.

1

2000) (citing Next Level Comm. LP v. DSC Comm. Corp., 179 F.3d 244, 249 (5th Cir. 1999)).  The "to protect or effectuate its judgments" exception, upon which Plaintiffs rely in this case, is known as the relitigation exception and its purpose is to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. Id. (quoting Next Level, 179 F.3d at 249).  The exception is grounded in principles of res judicata and collateral estoppel and an "essential prerequisite" for application of this exception is that the claims or issues raised in state court were actually decided by the federal court.  Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1293-94 (5th Cir. 1992) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988)).  The analysis requires the court to compare the issues actually decided in the federal litigation with the issues being subsequently raised in federal court.  Id.

    The Court has reviewed the state court petition filed by Defendants herein and the allegations complain either about Plaintiff's failure to comply with the terms of the settlement agreement, or Plaintiff's alleged lack of honesty about what assets (or potential assets) the company actually possessed. These claims were either non-existent at the time that this Court entered a consent judgment or they are claims that were not litigated in this Court.  Thus, the Court is doubtful that it has

the authority to enjoin the state court proceedings.  The issue is not whether this Court would have jurisdiction to  entertain a motion filed by Defendants to either enforce the settlement or to set it aside on grounds of fraud.  The issue is whether Defendants can choose to file a new lawsuit in state court to seek such relief and the Court is not persuaded that it has the authority to prevent them from doing so.  For the foregoing reasons, the Court will not entertain Plaintiff's Motion to Enforce on an expedited basis.

* * * * *

*Jay C. Zainey*